# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEITH JEREMY ILLIG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-cv-380 |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Mitchell, M.J.:

Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion (ECF 11) will be denied; the defendant's motion (ECF 13) will be granted, and the determination of the Commissioner will be affirmed.

On March 20, 2013 Keith Jeremy Illig by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

The instant application for Supplemental Security Income Benefits was filed on July 15 and 30, 2009 (R.104,155-160). On November 23, 2009, benefits were denied (R.111-115). On December 31, 2009, the plaintiff requested a hearing (R.118). A second hearing was held on February 11, 2011 (R.36-70) and benefits were again denied on March 11, 2011 (R.20-32). On March 31, 2011 and May 2, 2012 the plaintiff requested reconsideration of this determination (R.18, 250-251) and on February 5, 2013, the denial of benefits was affirmed (R.1-4). The instant complaint was filed on March 20, 2013.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999)

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994). To be eligible for such benefits, an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

As set forth in 20 C.F.R. § 416.905(a) disability is defined as:

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

In addition, a person will be considered disabled if he/she is

> (a) ... permanently and totally disabled as defined under a State plan approved under title XIV or XVI of the Social Security Act, as in effect for October 1972; (b) ... received aid under the State plan ... for the month of December 1973 and for at least one month prior to July 1973; and (c) ... continue[s] to be disabled as defined under the State plan.

20 C.F.R. § 416.907.

A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:

> impairment [which] result[s] from anatomical, physiological, or psychological abnormalities which [are demonstrated] by medically acceptable clinical and laboratory diagnostic techniques.

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

At the hearings held on April 16, 2009 and February 11, 2011 (R.36-90), the plaintiff appeared with counsel (R.38,73) and testified that he was born on November 12, 1986 (R.44,74); that he graduated from high school as a special needs student (R.47,75) and that he never worked (R.48,77).

The plaintiff also testified that he becomes anxious around people (R.50,76) that he has difficulty concentrating (R.54,81); that he sees a therapist monthly (R.49); that he experiences panic attacks several times a week (R.61,76); that he takes medication for panic attacks and depression (R.50,78); that the medication causes headaches and nausea (R.59,78); that he reads the newspaper and plays computer and videogames and watches television (R.55,58,79); that he goes shopping and performs some cooking and household chores (R.57,78) and that he sleeps between five and six hours a day (R.59,80).

At the hearings a vocational expert also testified (R.65-69, 86-89). When the witness was asked to assume an individual who could work at any vocation level in simple, routine, repetitive

3

jobs, without contact with the public and only superficial contact with his coworkers, the witness responded that there were a large number of jobs such an individual could perform (R.65,86-88). However, if the individual could not learn even simple tasks or had to miss work frequently, the witness testified that he could not be employed (R.66). The same conclusion was reached if the individual was unable to tolerate stress (R.67, 89).

In addition, certain other evidence was considered.

In a school report dated June 3, 2004, it is noted that the plaintiff successfully completed 12th grade and was entering an auto mechanics program (R.225-245).

The plaintiff's Junior and Senior High School records disclose that he received continuous learning support (R.259-312).

On May 10, 2000, the Monaca School District reported that the plaintiff was in special educational support programs; that most of the time his behavior was well-balanced but he had occasional conflicts. Continued participation in educational support programs was recommended (R.212-224).

In a report of a psychological evaluation conducted on January 10, 2005, Julie Uran, Ph.D. reported a full scale I.Q. of 73 (R.252-256).

The plaintiff was treated at the Beaver Valley Mental Health Services between May 15, 2007 and August 20, 2007 for depression. Medication was prescribed for a short period of time (R.313-322).

The plaintiff was treated at the Staunton Clinic between January 1, 2008 and July 21, 2009 for depression, anxiety and low self- esteem. Medication and therapy were provided (R.323-359).

In a report of a psychological evaluation conducted on October 19, 2009, Edward Currie, Ph.D. diagnosed a social anxiety disorder as well as depression and a learning disorder. The prognosis was guarded. The use of medication and therapy were noted (R.360-367).

In a report of a psychological assessment completed on November 9, 2009, Roger Glover, Ph.D. noted no limitations except for the ability to understand and remember details, carry out detailed instructions and interact with the public. The plaintiff was found to be only partially credible. A learning disability, depressive disorder and anxiety disorder of only a mild to moderate degree were noted (R.368-385).

In a report dated January 4, 2011, Timothy Goetze diagnosed back pain and a history of anxiety (R.386-387).

In a report from the Staunton Clinic covering treatment during the period from January 11, 2008 through January 19, 2011, marked limitations on interacting with the public and co-workers or responding appropriately were noted, as well as an inability to tolerate even minimal stress. Medication and therapy were prescribed (R.388-437).

> Based on the evidence presented, the Commissioner determined:
>
> The claimant has the following severe impairments: learning disability, depressive disorder, anxiety disorder, and borderline intellectual functioning.
>
> These impairments impose more than minimal restrictions on the claimant's ability to perform basic work activity.
>
> There is also evidence that the claimant complained of back pain on January 4, 2011…However, he reported that he did not take anything for it and had never gone to physical therapy. The record contains no objective medical evidence of a back impairment… The undersigned finds that it is not a severe medically determinable impairment…
>
> The claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings …
>
> In activities of daily living, the claimant has mild restriction[s]…

5

In social functioning, the claimant has moderate difficulties… The claimant has consistently been described as cooperative. He has a girlfriend with whom he lives, and testified that he spends time with family and friends, and goes to restaurants or shopping.

With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant's borderline intellectual functioning, as well as depression and anxiety, interfere with his ability to concentrate and attend to tasks… The claimant enjoys playing video games, reading newspapers and magazines, watching TV and watching movies. These activities all involve some degree of concentration and attention…

As for episodes of decompensation, the claimant has experienced no episodes of decompensation, which have been of extended duration…

Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria… are not satisfied.

***

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple, routine, repetitive tasks, in a low-stress work environment, defined as involving no complex decision making, no high productivity requirements, only infrequent changes in the work place – in other words, a stable workplace; also limited to jobs involving no contact with the public, only occasional contact with coworkers, and no more than occasional interaction with supervisors…

In terms of the claimant's alleged borderline intellectual functioning, school records indicate that the claimant had a learning disability, but was able to perform adequately in regular education programs with a modified curriculum…

Regarding his anxiety and depression, the record contains consistent complaints of nervousness around groups of people, sometimes resulting in panic attacks. However, recent evidence shows that his symptoms have improved with treatment, and [he] has had mostly normal mental status examinations. The mental status examinations have shown consistently normal or unremarkable thought organization, orientation, and impulse control…

The claimant's activities of daily living include household chores, shopping, driving, and socializing …

As for the opinion evidence the undersigned has considered the opinion of the claimant's treating psychiatrist… who opined that the claimant would be unable to tolerate even minimal stress, would be unable to function under even minimal pressure, and has marked limitations in the abilities to carry out detailed instructions, to interact appropriately with the public, to interact appropriately with supervisors or coworkers, and to respond appropriately to work pressure or changes in a work setting. The mental status examinations in the psychiatric progress notes accompanying this opinion do not support the severity of impairment reflected in the opinion. The claimant had fairly normal mental status examinations and reported fair to good mood. He told his counselor … that he still experienced anxiety in stores, but was able to complete the task at hand. Although the undersigned finds that the claimant has some limitations in these areas, the opinion of [the treating psychiatrist] is an overstatement of the severity of the limitations and is weighted appropriately.

The consultative psychologist … opined that the claimant has marked limitation in his ability to make judgments on simple work-related decisions. This is not supported by findings on mental status examination… Although the evidence shows that the claimant experiences anxiety and panic attacks, and has a low tolerance for stress, it does not establish that his impairment in this area rises to the level of a marked impairment. The recent treatment records show that the claimant has learned to control his anxiety to some degree, and the undersigned finds that the claimant is [cap]able of responding appropriately to the work pressures in a low-stress work environment…

In sum, the above residual functional capacity assessment is supported by the objective medical evidence, including fairly normal mental status examinations, the treatment history, which shows that the claimant has been improving with medication and therapy, and the claimant's activities of daily living, which show that he functions independently, has some meaningful interpersonal relationships, and enjoys activities that involve some degree of concentration and attention…

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform…

The claimant has not been under a disability … since July 15, 2009, the date the application was filed… (R.25-31).

The evidence demonstrates that the plaintiff's physical ailments are not supported by the record and while he does experience some mental limitations there too are not disabling. While his treating psychologist opined that he could not be employed, the evidence of record support the Commissioner's conclusion to the contrary and it is her duty to assess credibility. <u>Diaz v.</u>

7

Commissioner, 577 F.3d 500, 506 (3d Cir.2009). Provided plaintiff works in a low-stress environment requiring minimal contact with others, he appears capable of engaging in substantial gainful employ and for this reason, the Commissioner's conclusion is supported by substantial evidence.

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law. Lichtenstein v. UPMC, 691 F.3d 294, 300 (3d Cir. 2012). In the instant case there are no material issues of fact in dispute, and the findings of the Commissioner are supported by substantial evidence. For this reason, the plaintiff's motion for summary judgment will be denied; the defendant's motion for summary judgment will be granted and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

ORDER

AND NOW, this 9th day of October, 2013, for the reasons set forth in the foregoing Memorandum, the plaintiff's Motion for Summary Judgment (ECF 11) is DENIED; the defendant's Motion for Summary Judgment (ECF 13) is GRANTED, and the decision of the Commissioner is AFFIRMED.

s/ Robert C. Mitchell  
United States Magistrate Judge